UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SEAN LEE JACKSON <br><br> Defendant. | Case No. 2:16-cr-00019-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Sean Jackson's Motion for Judicial Recommendation for Maximum Time in a Halfway House (Dkt. 562). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In October 2016, Jackson pleaded guilty to conspiracy to distribute controlled substances (heroin, oxycodone, and methamphetamine) and conspiracy to launder proceeds from drug trafficking. He was sentenced to 96 months' incarceration followed by four years of supervised release. *See Jdgmt.,* Dkt. 502. Mr. Jackson currently resides at the Federal Correctional Institution in Sheridan, Oregon. He is scheduled for release on November 29, 2021. *See* https://www.bop.gov/inmateloc/ (last visited Mar. 2, 2021).

**MEMORANDUM DECISION AND ORDER - 1**

Jackson filed this motion in November 2020. He asks the Court to issue a non-binding recommendation that he be placed in a Residential Re-Entry Center for the final 12 months of his sentence, pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3624. The government has not responded to the motion.

## ANALYSIS

The Bureau of Prisons (BOP) designates where prisoners are housed. 18 U.S.C. § 3621(b); *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008). In making that designation, the BOP must consider "any statement by the court that imposed the sentence – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). Under the Second Chance Act of 2007, BOP is required to ensure, to the extent practicable, that a prisoner spends a portion of the final months of his term "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Id.* § 3624(c)(1).

District Courts have the authority "to make (or not make) non-binding recommendations to the Bureau of Prisons *at any time* . . . ." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (emphasis added); *see generally* 18 U.S.C. § 3621(b). Further, judicial recommendations are routinely used to designate a defendant's placement within the custody of the BOP. *See, e.g., United*

*States v. Bishop*, 2015 WL 13235851 at *2 (D. Haw. Oct. 2, 2015). Still, though, "a district court's recommendation to the Bureau of Prisons is just that – a recommendation. It is not part of the sentence imposed by the district court . . . ." *Ceballos*, 671 F.3d at 856.

In this case, the Court will decline to make the requested judicial recommendation. The Court commends Jackson for the efforts he is making to plan for his post-release life. Likewise, the Court commends Jackson for the programming he has undertaken while in prison. But the Court nevertheless concludes that the BOP remains in the best position to determine Mr. Jackson's pre-release custody placement under 18 U.S.C. § 3624(c). The Court is simply not in a position to make an informed recommendation at this point, and will leave Mr. Jackson's placement in the hands of the BOP. The Court will therefore deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant Sean Jackson's Motion for Judicial Recommendation for Maximum Time in a Halfway House (Dkt. 562) is **DENIED**.

MEMORANDUM DECISION AND ORDER - 3

DATED: March 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge